OPINION
Gregory Williams was charged with unlawful restraint, a third degree misdemeanor, in September, 1997, and was found guilty after a bench trial in December, 1997. The trial court imposed a fine and sentence, and suspended part of each. This court reversed the conviction and remanded for further proceedings in October, 1998.State v. Williams (Oct. 19, 1998), Clark App. No. 97 CA 131, unreported. On remand, Williams entered a no contest plea to disorderly conduct, a fourth degree misdemeanor. The trial court made a finding of guilty based on the police report and imposed a $250 fine, $150 of which was suspended, and a sentence of 30 days, 23 of which were suspended. We stayed Williams' sentence pending appeal, wherein he asserts one assignment of error:
 THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT ACCEPTED THE DEFENDANT'S PLEA OF NO CONTEST WITHOUT INFORMING THE DEFENDANT OF THE EFFECTS OF A NO CONTEST PLEA AND BY FAILING TO COMPLY WITH THE MANDATES OF RULE 11(E) OF THE OHIO RULES OF CRIMINAL PROCEDURE.
In a one sentence response, the State "concurs in (Williams') Statement of the Case, Statement of the Facts, and Assignment ofError One." (Emphasis ours). The transcript of the plea proceeding demonstrates the utter failure of the trial court to comply with Crim.R. 11(E). Consistent with our prior cases, we will reverse the judgment and remand for further proceedings consistent with this opinion. See Bellbrook v. Joefreda (Feb. 9, 1999), Greene App. No. 98 CA 63, unreported.
The assignment of error is sustained.
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
Kathryn A. Reckley
Randall C. Treneff
Hon. Susan J. Fornof-Lippencott